Judgment reversed on the law and facts, with costs to appellants-respondents, La Due So Fitch, Inc., and Orchard Park' Building Co., and complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: We think the plaintiffs not only failed to produce sufficient evidence to establish any general or uniform plan of restrictions which were binding on defendants-appellants, but also that upon- all the evidence the court should have found, as to the lots purchased by the - defendants-appellants from the County of Monroe, there was no such general or uniform plan. (Bristol v. Woodward, 251 N. Y. 275; Morrill Realty Corp. v. Rayon Holding Corp., 254 N. Y. 268.) By dismissing the complaint against the defendant, County of Monroe, the trial court has found that there was no uniform or general plan of restrictions of record. The defendants-appellants obtained their title from or through the County of Monroe. No restrictions were added or taken away when the county made the contract to sell or when it conveyed title to the defendants-appellants. We also reach the conclusion that plaintiffs failed to make out a ease for equitable estoppel. “An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury.” (Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292.) “ To constitute an estoppel, the party against whom the estoppel is claimed must have done some act or pursued some course of conduct with knowledge of the facts and of his rights, and, in addition, it is essential that the party claiming the estoppel should have been misled to his prejudice.” (31 C. J. S., Estoppel, § 108, subd. *1093 b.) The only persons who claim to have purchased property relying on representations made by the agents of defendants-appellants, concerning the two-story house restrictions, are the witnesses Floris and Yarka. It appears that they were not sufficiently interested to discuss this question with the attorneys who examined the titles for them. Their testimony as to the representations concerning restrictions was denied by the agents, who explained they discussed zoning ordinances and did not refer to building restrictions of record. There is nothing in the record to indicate that the Florises dr Yarkas were “injured” or “ prejudiced ” by purchasing their respective homes in the subdivision. Assuming, but not deciding that false representations were made to them, and further assuming they suffered any money loss, they have an adequate remedy at law in an action for damages. Certainly this testimony is insufficient to encumber 142 lots with building restrictions. All concur. (Cross appeals from a judgment restraining defendants from erecting one-story homes in a' certain residential tract development.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.